
IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

F I L E D
UNITED STATES DISTRICT COURT
DENVER COLORADO

AUG 2 4 2006

GREGORY C. LANGHAM
CLERK

Civil Action No. 06-cv-01239-ZLW

SAJCHA HOBBS,

Applicant,

v.

HECTOR RIOS (Warden),

Respondent.

## ORDER DENYING MOTION TO RECONSIDER

Applicant Sajcha Hobbs has filed *pro se* on August 16, 2006, "Petitioner's Motion to Alter or Amend Court's August 4, 2006[,] Judgment per. Rule 59(e)." Mr. Hobbs asks the Court to reconsider and vacate the Court's Order and Judgment of Dismissal filed in this action on August 3, 2006. The Court must construe the motion to reconsider liberally because Mr. Hobbs is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). Mr. Hobbs' motion to reconsider was filed within ten days after the Court's Order and Judgment of Dismissal. *See* Fed. R. Civ. P. 6(a) (time periods of

less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

The Court dismissed the instant habeas corpus action on the merits. In the motion to reconsider Mr. Hobbs disagrees with the Court's determination of the merits of his claims.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Hobbs fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Shields v. Shetler*, 120 F.R.D. 123, 126 (D. Colo. 1988). Mr. Hobbs does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that "Petitioner's Motion to Alter or Amend Court's August 4, 2006[,] Judgment per. Rule 59(e)" filed on August 16, 2006, is denied.

DATED at Denver, Colorado, this 23 day of Aug., 2006.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 06-cv-01239-BNB

Sajcha Hobbs
Reg. No. 08884-031
FCI – Florence
PO Box 6000
Florence, CO 81226

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 8/24/06

GREGORY C. LANGHAM, CLERK

By: /s/ Deputy Clerk
    Deputy Clerk